UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TIMOTHY LUTHER OLSON,

        Plaintiff,

    v.                                       Case No. 25-C-1030

DEPUTY BRIAN HUNTER,

        Defendant.

---

## SCREENING ORDER

---

Plaintiff Timothy Luther Olson, who is currently in custody at the Milwaukee County Jail and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Plaintiff's motion for leave to proceed without prepayment of the filing fee and to screen the complaint.

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Plaintiff has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $33.33. Accordingly, Plaintiff's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Plaintiff is an inmate at the Milwaukee County Jail. Dkt. No. 1. Defendant is Deputy Brian Hunter. *Id*. at 1. On or around May 25, 2025, Plaintiff moved to a new unit within the jail. *Id*. at 2. When he got there, Deputy Hunter did not issue him a tablet, even though Plaintiff filed numerous requests and grievances to acquire one. *Id*. Plaintiff states that other inmates who have moved to the unit *after* him received their tablets almost immediately. *Id*. at 3. For example, an inmate who moved into the unit on June 27, 2025, received his tablet the very same day he arrived. *Id*. As of July 2025, Plaintiff still did not have a tablet. *Id*. at 2-3. When Plaintiff complained about access to his legal mail, jail staff told him that his legal mail is accessible through public booths located throughout the unit. *Id*. at 3. Plaintiff states, "there are 64 inmates and it's impossible to access these booths!" *Id*.

On July 10, 2025, Sgt. Spears (not a defendant) told Plaintiff that his tablet was delivered to the unit about seven to ten days prior. *Id*. at 4. However, it is jail policy to have inmate "pod-workers" on the unit charge the tablet then deliver it to the proper recipient. *Id*. at 3-4. Those inmate pod-workers, who Plaintiff believes are gang-affiliated, apparently sold Plaintiff's tablet to a different inmate. *Id*. at 4. Plaintiff states that he now has to "pay inmates to use a tablet" and he believes he is the victim of "extortion." *Id*. at 3-4. Plaintiff states that Deputy Hunter wanted to deny him his legal mail and hinder his access to the courts "in retaliation to a pending civil action against Deputy Hunter." *Id*. at 2. According to public record, Plaintiff filed a lawsuit against Deputy Hunter on October 9, 2024. *See Olson v. Johnston, et al.*, Case No. 24-C-1283-WCG

3

(E.D. Wis.). Plaintiff alleges that Deputy Hunter is acting "in pure malice." Dkt. No. 1 at 3. For relief, Plaintiff seeks monetary damages. *Id*. at 5.

## THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

1. **Retaliation**

Plaintiff alleges that Deputy Hunter failed to issue him a tablet, on or around May 25, 2025, in retaliation for a lawsuit Plaintiff filed against Deputy Hunter in October 2024. To state a First Amendment claim for retaliation, Plaintiff must allege that (1) he engaged in constitutionally protected activity; (2) he suffered a deprivation that would likely deter the constitutionally protected activity in the future; and (3) the activity was at least a motivating factor in the defendant's decision to take the retaliatory action. *See Bridges v. Gilbert*, 557 F.3d 541, 552 (7th Cir. 2009). Plaintiff alleges that he filed a lawsuit against Deputy Hunter in October 2024, which is constitutionally protected activity. Additionally, the Court can reasonably infer at this stage that the denial of jail privileges (such as the denial of a tablet) could deter constitutionally protected activity in the future. *See, e.g.*, *Thompson v. Linnimeier*, No. 1:22-CV-206-HAB-SLC, 2022 WL 16855306, at *2 (N.D. Ind. Nov. 10, 2022) ("It is reasonable to infer that losing access to a tablet, which itself provides access to forms, the law library, and religious materials could deter a reasonable person from future First Amendment activity."). And given the timing of the events, the Court can also reasonably infer at this stage that Deputy Hunter was at least in part motivated

4

by a desire to retaliate against Plaintiff for the lawsuit filed against him. Therefore, Plaintiff may proceed on a First Amendment claim in connection with allegations that Deputy Hunter refused to issue Plaintiff a tablet in May 2025 in retaliation for a lawsuit Plaintiff filed against him in October 2024.

   2. **Denial of Legal Mail and Denial of Access to the Courts**

Plaintiff also alleges that Deputy Hunter's failure to deliver him a tablet, on or around May 25, 2025, constitutes a denial of his legal mail and/or denial of access to the courts. Allegations of interference with legal mail implicate an incarcerated person's rights under both the First and Fourteenth Amendments. *Turner v. Safley*, 482 U.S. 78, 84 (1987). Under the First Amendment, prison officials may screen legal mail for contraband but must do so in the presence of the inmate. *Wolff v. McDonnell*, 418 U.S. 539, 576-77 (1974). But "an isolated delay or some other relatively short-term, non-content-based disruption" in the delivery of legal mail does not support a cause of action under the First Amendment. *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999). Under the Fourteenth Amendment, an incarcerated person has an interest in being free from interference with legal mail as it relates to his access to the courts. *Wolff*, 418 U.S. at 576-77. To state a claim, Plaintiff "must allege that some action by the prison has frustrated or is impeding an attempt to bring a nonfrivolous legal claim." *In re Maxy*, 674 F.3d 658, 661 (7th Cir. 2012). "The mere denial of access to a prison library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access the courts." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). Toward that end, "there is no constitutional right to possess [a] tablet" or "to access legal materials via tablet on an unlimited basis." *Fortman v. Richwine*, No. 1:25-CV-008-GSL-JEM, 2025 WL 619147, at *3 (N.D. Ind. Feb. 25, 2025); *see also Lehn v. Holmes*, 364 F.3d 862, 868 (7th Cir.

5

2004) ("[The law] does not require any specific resources such as a law library or a laptop with a CD–ROM drive or a particular type of assistance.").

Plaintiff does not state a claim under either the First or Fourteenth Amendment for the denial of his legal mail and/or denial of access to the courts. Plaintiff alleges that, even though he has access to his legal mail at the jail through public booths located throughout the unit, it would be more convenient if he could see his legal mail on a personal tablet. But Plaintiff has no constitutional right to review his legal mail on a personal tablet or in the most convenient way possible. So long as he is able to view his legal mail at the jail, which it appears he is able to do through public booths, he does not have a claim under the First Amendment for denial of legal mail. Under the Fourteenth Amendment, Plaintiff has not alleged that the outcome of any of his legal proceedings was affected by his lack of access to a personal tablet or that he has been prevented from filing a lawsuit. To the contrary, since May 2025, Plaintiff has been able to file four lawsuits in this district alone, showing that he appears to have no difficulty accessing the courts. *See, e.g.*, *Sparks v. Forestal*, No. 122CV00037JMSTAB, 2022 WL 4113597, at *3-4 (S.D. Ind. June 10, 2022). Therefore, Plaintiff fails to state a claim for denial of legal mail and denial of access to the courts.

## Conclusion

The Court finds that Plaintiff may proceed on a First Amendment claim in connection with allegations that Deputy Hunter refused to issue Plaintiff a tablet in May 2025 in retaliation for the lawsuit Plaintiff filed against him in October 2024.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 3) is **GRANTED**.

6

Case 1:25-cv-01030-WCG   Filed 10/08/25   Page 6 of 8   Document 8

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between Milwaukee County and this Court, copies of Plaintiff's complaint and this order are being electronically sent today to Milwaukee County for service on Deputy Hunter.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between Milwaukee County and this Court, Deputy Hunter shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the **$316.67** balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, the transferring institution shall forward a copy of this Order along with Plaintiff remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the Office of the Sheriff, Fiscal Operations Rm. 224, 821 W. State Street, Milwaukee, WI 53233.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution,

7

Case 1:25-cv-01030-WCG    Filed 10/08/25    Page 7 of 8    Document 8

and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for filing to the Court to the following address:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin this 8th day of October, 2025.

_____
William C. Griesbach
United States District Judge